UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-80164-BLOOM/Reinhart

LAKESHA NORINGTON,

    Plaintiff,

v.

GEORGE C. ZOLEY, *et al.*,

    Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant George Zoley's ("Defendant Zoley") Motion to Dismiss the Complaint or in the Alternative Motion to Transfer Venue, ECF No. [6], and Defendants Lieutenant Driscoll, Sergeant Jones, Sergeant M. Logan, Correctional Officer. Wright, Robin Blair, R. Davis, Captain. Thompson, J. French, Keith Butts, Lieutenant Krul, Sergeant Sult and Lieutenant Laboutin's[1] Motion to Dismiss the Complaint or in the Alternative Motion to Transfer Venue, ECF No. [8] (collectively referred to as the "Motions"). The Court has reviewed the Motions, the supporting and opposing submissions, the record and applicable law, and is otherwise fully advised. For the reasons that follow, the Motions are granted in part and denied in part.

**I.   BACKGROUND**

Plaintiff Lakesha Norington originally filed this action *pro se* in the Circuit Court in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 2018-CA-009274 on July 23, 2018 ("State Court Action"). After being served with process on January 23, 2019,

---

[1] For ease of reference, all Defendants represented in the Motions shall collectively be referred to as "Defendants."

Defendant Zoley thereafter removed the State Court Action to this Court on February 5, 2019. ECF No. [1]. In the Complaint, Plaintiff alleges six tort claims against the Defendants, including three claims for deliberate indifference, a claim for failure to intervene and protect, a claim for conspiracy, and a claim for fabrication of healthcare records. ECF No. [1-1], at 11. Plaintiff is presently an inmate at a state correctional facility in Indiana. Plaintiff's claims arise from incidents that are alleged to have occurred while housed at New Castle Correctional Facility, located in New Castle, Indiana. *Id.* at 16. Plaintiff identifies as a transgendered person and indicates that she identifies as female. *Id.* at 24.

On July 19, 2017, Plaintiff claims that Defendants Lieutenant Driscoll and Sergeant Jones sent her to "segregation" and filed a report of sexual conduct against her after Plaintiff was allegedly dancing during recreation time. *Id.* at 5. While in segregation, Defendant Correctional Officer Wright ("Wright") then allegedly refused to allow Plaintiff to be present during a cell inspection. *Id.* at 14. Defendant Wright then allegedly placed Plaintiff in a segregation cell that had mold and fungus in the vent. *Id.* Plaintiff claims that the smell impaired her breathing and sight. *Id.* Plaintiff claims that her request to be removed from the cell was denied. *Id.* On that same day, Plaintiff further alleges that correctional nurses Kumar and Burkhardt came to the cell to bring Plaintiff her medication. *Id.* Plaintiff asked to be moved again. *Id.* The nurses informed Plaintiff that they did not have authority to move her. *Id.* Plaintiff asserts her "mouth was covered," and she indicated that she could not take her medicine in that cell "at that point." *Id.* Plaintiff asserts that the nurses then walked away without giving her the medications. *Id.* Plaintiff alleges that she made several requests to be removed, all of which were denied. *Id.* at 14-15.

Plaintiff further alleges that she was denied mediations on several other occasions because of being in segregation. *Id.* at 16-17. On August 28, 2017, Plaintiff alleges that she was also

refused attendance at a diagnostic healthcare appointment. *Id.* at 18.  On October 6, 2017, Plaintiff alleges that during the "medication passing," she informed the nurse that she did not provide her with all of her medications and that the nurse never returned with the medications that were allegedly missing. *Id.*

Plaintiff was relocated from New Castle Correctional Facility to its Restricted Housing Unit. *Id.* at 21.  Plaintiff claims that she reported the incidents relating to her late or missing medications to multiple Defendants but that the Defendants did not tell the health staff and refused to fully investigate the issue. *Id*. Plaintiff alleges that after she was relocated, her medication was continually withheld. *Id.* Plaintiff reported the alleged denials of her medication to the healthcare staff, who she claims refused to fully investigate the matter. *Id.* at 22.  In reviewing the reply from the healthcare staff to her grievance, Plaintiff claims that the staff fabricated information in order to conceal the alleged misconduct of other staff members. *Id.* at 22.

Defendants now move to dismiss this action for failure to state a claim or alternatively to transfer this action to the *Southern District of Indiana*.  For the reasons stated below, the Court finds that transfer of this case is warranted.  Accordingly, the Court will focus its discussion on this issue and will not address the merits of Defendants' arguments for dismissal at this time.

**II.  DISCUSSION**

Defendants move to transfer this action to the Southern District of Indiana.  *See Generally*, ECF Nos. [6], [8].   28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The standard for transfer under section 1404(a) gives broad discretion to the trial court, which will be overturned only for abuse of discretion. *See Mason v. Smithkline Beecham Clinical Laboratories*, 146 F. Supp. 2d 1355, 1358

3

(S.D. Fla. 2001) (citing *Brown v. Connecticut Gen. Life Ins. Co.*, 934 F. 2d 1193, 1197 (11th Cir. 1991)). Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public, and to conserve time, energy, and money. *See Mason*, 146 F. Supp. 2d at 1359 (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)).

The question of whether to transfer venue is a two-pronged inquiry. First, the alternative venue must be one in which the action could originally have been brought by the plaintiff. In this case, there is no dispute by the parties that this action could have been brought in the Southern District of Indiana. The second prong requires courts to balance private and public factors to determine if transfer is justified. *Mason*, 146 F. Supp. 2d at 1359; *Miot v. Kechijian*, 830 F. Supp. 1460, 1465-66 (S.D. Fla. 1993). The factors used to determine whether transfer is appropriate include: (1) convenience of the parties; (2) convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to secure the presence of unwilling witnesses; (5) the cost of obtaining the presence of witnesses; and (6) the public interest. *Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1376 (S.D. Fla. 2003) (citing *Van Dusen*, 376 U.S. at 616).

Generally, a "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F. 3d 253, 260 (11th Cir. 1996). But where a plaintiff has chosen a forum that is not its home forum, *only minimal deference is required*, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981); *Thermal Techs.*, 282 F. Supp. At 1375-76; *Cellularvision Tech. and Telecomm., L.P. v. Cellco P'ship d/b/a Verison Wireless*, No. 06-CIV-60666, 2006 WL 2871858, at *3 (S.D. Fla. Sept. 12, 2006). In this case, there is no dispute that Plaintiff has not filed this action in her home forum, so

Plaintiff's choice of forum is entitled to minimal weight. *Cellularvision Tech. and Telecomm., L.P.,* 2006 WL 2871858, at *3. The Court will next balance the private and public interest factors.

### a. Private Interest Factors

Defendants argue that the convenience of the parties and witnesses, and the access to the sources of proof heavily favor transfer of this case to the Southern District of Indiana. Plaintiff, however, argues that venue is proper here because "GEO Corrections and its representatives [have] been organized as a corporation in an official capacity in Florida, Not Indiana." ECF No. [12], at 13. The Court notes that "GEO Corrections" is not a named defendant in this lawsuit. *See Generally*, ECF No. [1]. Therefore, the place of GEO Corrections' incorporation would not serve as an appropriate basis to find venue proper in this district.

Plaintiff is presently an inmate at a correctional institution located in Indiana. Thus, it is clear that the Plaintiff does not presently reside in Florida. Additionally, as identified by Plaintiff in the Complaint, all of the Defendants, with the single exception of Defendant Zoley are not located within this state. ECF No. [1-1], at 9-10. As for Defendant Zoley, the Court notes that he is one of the Defendants who has requested that this case be transferred. *See Generally*, ECF No. [6]. Therefore, it is abundantly clear that Indiana is a more convenient venue than Florida for all parties involved in this action.

Further, given that Plaintiff's claims arise from incidents which are alleged to have occurred in Indiana, the majority, if not all, of the relevant witnesses will be located there. In addition to the location of the witnesses, Defendants argue that it is also likely that the sources of proof will also be located in the Southern District of Indiana. ECF No. [6], at 13-14. In her Response to Defendant Zoley's Motion, ECF No. [12], Plaintiff concedes that the parties and evidence are located in Indiana. ECF No. [12], at 13. ("The defendant is correct that much of the

witnesses and relevant Documents to the Cause are located in Indiana."). Since the parties agree that all of the witnesses in this action are located in Indiana, it is therefore clear that the costs of obtaining the presence of any unwilling witnesses in this action, would be far greater if the action should proceed in Florida, rather than in Indiana.  The Court finds that this factor also weighs in favor of transfer.  *See Cellularvision Tech. & Telecomm., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1190 (S.D. Fla. 2007) (finding the convenience of the parties weighed in favor of transfer where the plaintiff was not a resident of Florida and had little or no apparent connection to the Southern District of Florida, whereas the defendant showed it would be much more convenient to proceed where the defendant was located).  Additionally, transfer would increase the availability of process to procure those witnesses and significantly reduce the cost of obtaining the presence of the Defendants and witnesses during discovery or at trial.  Therefore, the Court finds that the convenience for the witnesses, the relative ease of access to proof, and cost of obtaining the presence of unwilling witnesses are further factors that weigh heavily in favor of transfer. Accordingly, the Court finds that all of the private interest factors weigh in favor of transfer.

    *b.  Public Interest*

The second part of the transfer determination requires the Court to consider, based on the totality of the circumstances, the interests of justice as well as several other public interest factors including,

> the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of

foreign law; and the unfairness in burdening citizens in an unrelated forum with jury duty.

*Trace-Wilco*, 2009 WL 455432, at *2 (quoting *Piper Aircraft*, 454 U.S. at 258). An examination of these interests reveals that they too lean in favor of transfer.

Ultimately, the public interest factors and the interests of justice favor transfer. The facts of this case, related parties, and the community with the most interest in this matter is simply not the Southern District of Florida. *See Trace-Wilco*, 2009 WL 455432, at *4 (finding that transfer would serve the interests of justice where the center of the accused activity occurred in the transferee district); *see generally ShadeFX Canopies, Inc. v. Country Lane Gazebos, LLC*, 2013 WL 9827411, at *3 (S.D. Fla. June 14, 2013) (citing 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters § 3854 at 246-47 (3d ed. 2007) ("[A] number of federal courts have considered this factor [the interests of justice] decisive – outweighing the other statutory factors")).

Plaintiff also argues that the Southern District of Indiana is not an "adequate forum" and thus she cannot reinstate her suit in the alternative forum because she was "restricted in filing anything in both the Northern and Southern District Court of Indiana." ECF No. [12], at 11. Plaintiff argues that transfer of this action to the Southern District of Indiana would therefore be "very prejudicial to the rights of the Public and will not serve the public interest." *Id.* at 13. This argument is unavailing. Plaintiff's history of inundating the courts with frivolous lawsuits led the Sixth Circuit Court of Appeals to designate her as a restricted filer. *Lakesha Norington v. Mark Sevier*, Case No.: 1:13-cv-01040-RLY-DML, ECF No. [213-1]. To date, Plaintiff has filed more than thirty-eight lawsuits in Indiana Federal Court. ECF No. [6-2]. The Sixth Circuit's Order designating the Plaintiff as a restricted filer was not an invitation for the Plaintiff to file a lawsuit in a less convenient venue as a means to circumvent its Order. Further, Plaintiff is not precluded

from *ever* initiating a lawsuit in the district courts of Indiana, but rather as a penalty for Plaintiff's continuous and frivolous filing, Plaintiff must first pay the $500.00 fine imposed by the Sixth Circuit's Order before she may be permitted to do so.  *See Lakesha Norington v. William Wolfe*, Case No.: 1:13-cv-01040-RLY-DML, ECF No. [213-1] ("Norington is fined $500. Until she pays that sum in full to the clerk of this court, she is barred from filing further civil suits.").  Nonetheless, Plaintiff has not initiated the instant action in a district court. Rather, the Defendants removed this action from state court to the district court.  Thus, from a review of the language of the Sixth Circuit Order, it does not appear that transfer would subject Plaintiff's lawsuit to dismissal solely on that basis.  Lastly, Plaintiff's personal designation as "restricted filer" is not a "public interest." Accordingly, the Court finds that the public interest factors also weigh in favor of transfer.

Balancing the elements required, the Court finds that transfer to the Southern District of Indiana is warranted.  The Southern District of Indiana is the significantly more appropriate venue given the facts surrounding this case.  Many of the witnesses called to testify in this matter will likely hail from Indiana.  In contrast, the only tie between the instant case and Florida is Defendant Zoley, who has requested this action be transferred.  Because the Court finds that transfer is appropriate pursuant to 28 U.S.C. § 1404 the Court declines to address Defendants' arguments for dismissal.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant George Zoley's ("Defendant Zoley") Motion to Dismiss the Complaint or in the Alternative Motion to Transfer Venue, **ECF No. [6]**, is **GRANTED IN PART AND DENIED IN PART**.

Case No. 19-cv-80164-BLOOM/Reinhart

2. Defendants Lieutenant Driscoll, Sergeant Jones, Sergeant M. Logan, Correctional Officer M. Wright, Robin Blair, R. Davis, Captain T. Thompson, J. French, Keith Butts, Lieutenant Krul, Sergeant Sult and Lieutenant Laboutin's Motion to Dismiss the Complaint or in the Alternative Motion to Transfer Venue, **ECF No. [8]**, is **GRANTED IN PART AND DENIED IN PART**.

3. Venue in the above-styled action is **TRANSFERRED** to the Southern District of Indiana.

4. The Clerk of the Southern District of Florida shall **CLOSE** this case.

5. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Miami, Florida this 22nd day of March, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record